### T. C. MARLOW v. THE STATE.

No. 1869. Decided October 23, 1912.

**1.—Assault to Murder—Aggravated Assault—Motion for New Trial.**

Where the grounds in the motion for new trial relate to the admission of testimony, the same can not be considered in the absence of bills of exception verifying these matters.

**2.—Same—Bill of Exceptions.**

Where a bill of exceptions is not in the record, the same can not be reviewed on appeal.

**3.—Same—Charge of Court—Statement of Facts.**

In the absence of a statement of facts, criticisms of the court's charge can not be considered, especially where defendant was acquitted of assault to murder and convicted of aggravated assault.

Appeal from the District Court of Erath. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of aggravated assault; penalty, fine of $350.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—There are no bills of exception or statement of facts in the record. Several grounds of the motion for new trial relate to the admission of testimony, but these can not be reviewed in the absence of exceptions reserved verifying the matters.

There is another ground of the motion which recites that while the witness Armstrong was testifying for the State, in the presence and hearing of the jury, he appealed to the sympathies of the jury and shed tears and asked the jury to bear with him a while, as is fully shown by defendant's bill of exceptions. This bill is not in the record, and, therefore, we can not review this matter.

In the absence of the evidence we are unable to say the criticism of the charge was of sufficient importance to show error, especially in view of the fact that appellant was acquitted of assault with intent to murder under an indictment which charged that offense, and only convicted of an aggravated assault and battery.

As the record is presented to us, we are of opinion that the judgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*